# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EARNEST SCOTT, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MS. ROBINSON | : | NO. 18-2115 |

## MEMORANDUM

**SAVAGE, J.**                                                                                  **June 20, 2018**

Plaintiff Earnest Scott, Jr., a prisoner currently incarcerated at SCI-Mahanoy, brings this *pro se* civil action pursuant to 42 U.S.C. § 1983 claiming that the defendant, Ms. Robinson, a nurse at a municipal prison, falsely accused him of grabbing her hand.[1] Scott seeks to proceed *in forma pauperis*. We shall grant Scott leave to proceed *in forma pauperis* and dismiss his Complaint.

## FACTS[2]

On April 30, 2017, while Scott was incarcerated at the Curran-Fromhold Correctional Facility (CFCF),[3] Robinson accused him of grabbing her hand "while she was on med round when [he] was in the hole."[4] (Compl. at 4.) Scott claims that Robinson poured his prescribed pills into his hand, then walked away and told a correctional officer that Scott had grabbed her hand. Scott was placed on disciplinary

---

[1] Although Scott listed Corizon Medical Company in the caption of his Complaint, he makes no allegations involving Corizon, other than identifying it as Nurse Robinson's employer.

[2] The following facts are taken from the Complaint and exhibits attached to the Complaint.

[3] Exhibits attached to the Complaint reflect that Scott was incarcerated at CFCF in Philadelphia during the events giving rise to his claims. Another lawsuit that he filed confirms that he was incarcerated at CFCF during the relevant time period. *See Scott v. May*, E.D. Pa. Civ. A. No. 18-71 (Document No. 6).

[4] The Court uses the pagination assigned to the Complaint by the CM-ECF system.

1

status. He was ultimately found not guilty of any infraction after a hearing on May 3, 2017. Scott seeks unspecified declaratory and injunctive relief. (*Id.* at 3.)

**STANDARD OF REVIEW**

Scott is granted leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Because he is a prisoner, he will be obligated to pay the $350 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

Because Scott is proceeding *in forma pauperis*, we must screen his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). If the amended complaint fails to state a claim, we must dismiss it.

To survive dismissal, the amended complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* Because Scott is proceeding *pro se*, we construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

**DISCUSSION**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). We construe the amended complaint as raising a due process claim based on Robinson's false allegation. However, the facts pled by Scott do not establish a violation of his constitutional rights.

2

"[I]nmates are generally not entitled to procedural due process in prison disciplinary hearings because the sanctions resulting from those hearings do not usually affect a protected liberty interest." *Burns v. PA Dep't of Corr.*, 642 F.3d 163, 171 (3d Cir. 2011). "[C]onfinement in administrative or punitive segregation will rarely be sufficient, without more, to establish the kind of 'atypical' deprivation of prison life necessary to implicate a liberty interest [for purpose of triggering due process protection]." *Smith v. Mensinger*, 293 F.3d 641, 653 (3d Cir. 2002) (quoting *Sandin v. Conner*, 515 U.S. 472, 486 (1995))).

Here, Scott was placed on disciplinary status for a few days and was cleared after a disciplinary hearing. Those actions "do not comprise a due process violation because they do not rise to the level of an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Rhoades v. Adams*, 194 F. App'x 93, 94–95 (3d Cir. 2006) (per curiam) (quotations omitted). Indeed, his own allegations show that Scott was afforded due process, having been given a hearing that resulted in his vindication. Thus, the Complaint does not state a constitutional claim. *See id.* (dismissing appeal where plaintiff "allege[d] that his due process rights were violated when [the defendant] filed a false report alleging that [plaintiff] slammed [defendant's] hand in a cell door"); *Smith*, 293 F.3d at 653 (affirming dismissal of due process claim where inmate alleged that he was subject to a false disciplinary report

resulting in seven months of disciplinary confinement).

## CONCLUSION

Because the amended complaint fails to state a cause of action under § 1983, it will be dismissed. Amendment would be futile because he cannot show that his constitutional rights were not violated.